Dear Senator Romero:
This correspondence shall serve to acknowledge this office's receipt of your March 3, 1998 request for an expedited opinion regarding certain elections for a Louisiana Board of Pharmacy seat with said elections to be held in late March of this year.
Specifically, you inquire whether there is any law which would prohibit the spouse of investigator, the latter of whom is employed by the Louisiana Board of Pharmacy, from serving as a member of the Board of Pharmacy.
While this office is unable to locate any statute which prohibits such an arrangement, we wish to call to your attention a provision in the Administrative Procedure Act, specifically49:960, which prohibits ex parte communications between a fact finder, (in your case, a Board member) and any employee or agent of the Board engaged in the performance of investigative functions.
Even though it is conceivable that the prospective Board member and the investigator's spouse could actually refrain from ever
discussing any matter which the inspector has investigated, the appearance of impropriety is quite apparent. It is fact of life that most or many spouses confide in each other regarding confidential matters which occur at the workplace. It is difficult to presume that the investigator spouse would never discuss a single case which he or she has investigated on behalf of the Board of Pharmacy with his or her spouse.
If the Board member has to recuse himself or herself from every investigation in which his or her spouse participated, the subject Board could find itself operating at distinct disadvantage by having in actuality only a part-time Board member. (Upon recusal of a Board member, under the provisions of La. R.S. 49:960B, the Governor would have to appoint a pro-temp member to sit in the recused member's seat). If the Board member spouse did not recuse himself or herself and a decision was rendered after an adjudication contrary to a licensee, the licensee certainly has the option of appealing to the district court, and one of the grounds for such an appeal could anticipated to be a challenge that ex parte communications occurred between the investigator and his/her spouse Board member.
The Louisiana Supreme Court made it very clear in Allen vs.Louisiana Board of Denistry, 543 So.2d 908 (La. 1989) that there must be separation of functions between the adjudicatory body (the Board members) and the investigatory and prosecutorial aspects of an adjudication. The Court in Allen also discussed "the crucial appearance of fairness" which must attach to all public hearing adjudications.
During the course of investigation, an investigator may learn of allegations which the prosecution is unable prove to the Board. It is quite conceivable that the investigator might disclose some of these unprovable allegations to his or her spouse. If this were the case, the Board member would began the adjudicatory process with a preconceived notion or bias which was prohibited by the Court. In The Matter of Rollins Environmental Service,Inc. 481 So.2d 113. 120 (La. 1985)
The appearance of the fairness and the absence of a probability of outside influence on the adjudicatory process is required by due process. Utica Packing Company vs. Block, 781 F.2d 71, 77
(6th Cir. 1986). Because a license is a property right, a licensee can not be deprived of property without due process of law. U.S. Const. Amend. XIV, Section 1 La. Const. Art. 1, Section 2.
In budgetary matters, we are of the opinion that the spouse Board member would have an inherent conflict of interest in determining the salary of his or her investigator spouse. Additionally, if the Board determined that it wanted to replace the spouse investigator with another investigator, the Board member would be faced with a conflict of interest there also.
In conclusion, the jurisprudence has consistently held that it is essential that the appearance of fairness be evident in all adjudicatory matters. This element, together with an inherent conflict of interest in budgetary matters, leads this office to conclude that the Board of Pharmacy should err on the side of caution by having the specific Board member's name withdrawn from the election, while employing proper procedures to do so.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ VIRGINIA A. ANTHONY Assistant Attorney General
RPI/VAA:lrs